UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMER FAWAZ,

        Petitioner,               Case Number 09-14965
                                                       Honorable David M. Lawson

v.

HUGH WOLFENBARGER,

        Respondent.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART
### CERTIFICATE OF APPEALABILITY

The petitioner filed a petition for a writ of habeas corpus on December 22, 2009. On April 5, 2013, the Court filed an opinion and order denying the petition, determining that the admission of evidence about a mortgage fraud investigation and Dr. Werner Spitz's expert testimony did not violate the petitioner's right to due process, the trial court did not err in instructing the jury on the lesser offense of second-degree murder, the fairness of the trial was not undermined by the prosecutor's misconduct, the trial court's denial of the petitioner's motion to quash the information did not implicate a federal constitutional right, the petitioner's claim based on the trial court's denial of the petitioner's motion for a directed verdict was not cognizable on habeas review, the petitioner's sentence was not a violation of the petitioner's rights under the Sixth Amendment, and trial and appellate counsel was not so ineffective as to deny the petitioner his right to the effective assistance of counsel. On this basis, the Court entered judgment against the petitioner.

Pursuant to Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009:

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must

> state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Rule 11, Rules Governing Section 2254 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

The Court finds that reasonable jurists could debate whether the petitioner's trial counsel was constitutionally ineffective by failing to file timely and properly raise an alibi defense. Therefore, the Court will grant a certificate of appealability on these issues. However, the Court finds that reasonable jurists could not debate whether the admission of evidence about a mortgage fraud investigation and Dr. Werner Spitz's expert testimony violated the petitioner's right to due process, the trial court erred in instructing the jury on the lesser offense of second-degree murder, the fairness of the trial was undermined by the prosecutor's misconduct, the trial court's denial of the petitioner's motion to quash the information implicated a federal constitutional right, the petitioner's claim based on the trial court's denial of the petitioner's motion for a directed verdict was cognizable on habeas review, the petitioner's sentence was a violation of the petitioner's rights

under the Sixth Amendment, or appellate counsel was so ineffective as to deny the petitioner his right to the effective assistance of counsel. Therefore, the Court will deny a certificate of appealability on those issues.

Accordingly, it is **ORDERED** that a certificate of appealability is **GRANTED** on the petitioner's claim that trial counsel was constitutionally ineffective by failing to file timely and properly raise an alibi defense.

It is further **ORDERED** that a certificate of appealability is **DENIED** as to all other issues raised by the petition.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: April 5, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 5, 2013.

s/Deborah R. Tofil  
DEBORAH R. TOFIL